UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| OFFIONG GILLIMAS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV1118 JCH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Movant Offiong Gillimas' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed July 15, 2009. (ECF No. 1).

**BACKGROUND**

By way of background, on June 4, 2008, Movant pled guilty to one count of knowingly and intentionally possessing with the intent to distribute at least fifty grams of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count II); one count of knowingly possessing one or more firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count IV); and one count of knowingly using and attempting to use the threat of physical force or intimidation against a witness, in violation of 18 U.S.C. § 1512(a)(2)(A) (Count IX). The Plea Agreement recommended a base offense level of 32, with a two level increase pursuant to U.S.S.G. § 3C1.1, as Movant willfully attempted to obstruct or impede the administration of justice with respect to the offenses for which he was convicted. The Plea Agreement also recommended a full three level decrease if Movant accepted responsibility for his conduct under Section 3E1.1 of the Sentencing Guidelines. The parties thus estimated a total offense

level of 31. The Plea Agreement left the determination of Movant's Criminal History Category to the Court, after it reviewed the Presentence Report. Notwithstanding these recommendations, the parties recommended that no sentence be imposed that was less than a term of imprisonment of 20 years for Count II, and a consecutive term of 5 years for Count IV, as provided by statute.

On August 22, 2008, Movant was sentenced to 300 months imprisonment, consisting of 240 months on each of Counts II and IX, such terms to be served concurrently, and 60 months on Count IV, to be served consecutively. Movant's term of imprisonment was to be followed by supervised release for five years. No direct appeal was filed. As the Court construes the instant § 2255 Motion, Movant alleges the following grounds for relief:

(1) That Movant received ineffective assistance of counsel, in that counsel failed to inform Movant of his right to file a notice of appeal;

(2) That the police officer testified falsely, when he claimed to have seen Movant at a place he could not have been due to his electronic ankle bracelet;

(3) That Movant received ineffective assistance of counsel, in that counsel failed to file pre-trial motions;

(4) That Movant received ineffective assistance of counsel, in that counsel failed to file motions to recover samples of recovered fingerprints and DNA materials for analysis;

(5) That Movant received ineffective assistance of counsel, in that counsel failed to secure Movant's house arrest records in order to dispute the police officer's testimony regarding Movant's whereabouts;

(6) That Movant received ineffective assistance of counsel, in that counsel failed to present evidence Movant's girlfriend was an unreliable witness for the Government due to her past and present position as a drug dealer;

(7) That Movant received ineffective assistance of counsel, in that counsel failed to present exculpatory evidence tending to show the letters Movant wrote did not constitute threats to a witness, but rather demonstrated only Movant's "broken heart";

(8) That Movant received ineffective assistance of counsel, in that counsel failed to challenge the confidential informant's statement;

(9)     That Movant received ineffective assistance of counsel, in that counsel failed to advise Movant regarding the efficacy of entering a nolo contendere or Alford[1] plea;

(10)    That Movant received ineffective assistance of counsel, in that counsel used threats and scare tactics in order to coerce Movant into pleading guilty;

(11)    That Movant received ineffective assistance of counsel, in that counsel failed to investigate in whose name the house was titled;

(12)    That Movant received ineffective assistance of counsel, in that counsel failed to challenge the veracity of the search warrant;

(13)    That Movant received ineffective assistance of counsel, in that counsel failed to investigate the disciplinary records of the arresting officer;

(14)    That Movant received ineffective assistance of counsel, in that counsel failed to secure all the physical evidence from the crime scene;

(15)    That Movant received ineffective assistance of counsel, in that counsel failed to research the law before recommending that Movant enter a plea of guilty;

(16)    That Movant received ineffective assistance of counsel, in that counsel misguided Movant with respect to the drug quantity to which he pled guilty;

(17)    That Movant received ineffective assistance of counsel, in that counsel incorrectly informed Movant the sentence for his gun charge could only be run consecutive to any other sentence, rather than concurrent;

(18)    That Movant received ineffective assistance of counsel, in that counsel lied with respect to the amount of time with which he would be credited; and

(19)    That Movant received ineffective assistance of counsel, in that counsel failed to make an argument pursuant to Blakely v. Washington, 542 U.S. 296 (2004).

(§ 2255 Motion, PP. 4-10, 15-22).

## **STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court

---

[1] North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[2]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (citation omitted).

## DISCUSSION

### I.    Claim Subject To Waiver

In Ground 2 of his § 2255 Motion Movant claims the police officer testified falsely, when he claimed to have seen Movant at a place he could not have been due to his electronic ankle bracelet. (§ 2255 Motion, PP. 5, 15). The Plea Agreement between Movant and the Government contained the following waivers of post-conviction rights:

---

[2] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

2(C)(1)(a) Non-Sentencing Issues: In the event the Court accepts the plea, as part of this agreement, both Defendant and the Government hereby waive all rights to appeal all non-jurisdictional issues, including but not limited to, any issues relating to pre-trial motions, hearings, and discovery; and any issues relating to the negotiation, taking, or acceptance of the guilty plea or the factual basis for the plea.

2(C)(1)(b) Sentencing Issues: In the event the Court accepts the plea and, in sentencing Defendant: 1) applies the recommendations agreed to by the parties herein, and 2) after determining a Sentencing Guideline range, sentences Defendant within that range (or, if applicable, to a statutory minimum term of imprisonment of 25 years), then, as part of this agreement, both Defendant and the Government hereby waive all rights to appeal all sentencing issues, including any issues relating to the determination of the Total Offense Level, the Criminal History Category, and Career Offender and Armed Career Criminal status, except contested criminal history.

2(C)(2) **Habeas Corpus:** Defendant acknowledges being guilty of the crime(s) to which a plea is being entered, and further states that neither defense counsel nor the Government has made representations which are not included in this document as to the sentence to be imposed. Defendant further agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

(Plea Agreement, Guidelines Recommendations, and Stipulations (Cause No. 4:07CR430 JCH, ECF No. 38), PP. 5-6).

The Eighth Circuit has held that a defendant's right to appeal his conviction or sentence is purely a statutory right, and, "[i]t is well settled that a procedural right, whether constitutionally derived or grounded in statute, may be waived by a criminal defendant." United States v. Mendoza, 341 F.3d 687, 695 (8th Cir. 2003) (internal quotations and citation omitted). Further, waivers of both direct-appeal rights and collateral-attack rights are enforceable in the plea agreement context. DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000) (citations omitted). Accordingly, direct-appeal and collateral-attack waivers are generally binding, and the Court will not review a waived issue, "unless the plea agreement was not entered knowingly and voluntarily." United States v. Mendoza, 341 F.3d at 695 (citations omitted).

During the change of plea proceeding in the instant case, the District Court questioned Movant with respect to his guilty plea and the waiver of his right to file an appeal and/or § 2255 motion, as follows:

| | |
|---|---|
| THE COURT: | Now, do you understand that you are under oath and if you would answer any of my questions falsely you might later be prosecuted for making a false statement or for perjury? |
| DEFENDANT: | Yes, ma'am.... |
| THE COURT: | And in addition-- and I'm now looking at Page 5 under Section 2C(1)--do you understand that you do--that in the event that I accept your plea of guilty, you and the Government have agreed to waive or give up your right to appeal all nonjurisdictional issues and if I accept your plea of guilty and sentence you within the Guideline range, then you and the Government agree to waive or give up your right to appeal all sentencing issues? |
| DEFENDANT: | Yes, ma'am. |
| THE COURT: | Now, have you discussed those waivers with Ms. Good? |
| DEFENDANT: | Yes, ma'am. |
| THE COURT: | Do you have any question about either of them? |
| DEFENDANT: | No, ma'am. |
| THE COURT: | Are you in agreement with them? |
| DEFENDANT: | Yes, ma'am. |
| THE COURT: | And in the next section, under Section 2C(2), beginning on page 5 and going to page 6, you have also agreed to waive your right to challenge the conviction or the sentence in a subsequent proceeding unless you challenge it on the grounds of the prosecutor's misconduct or ineffective assistance of counsel. Now, have you discussed that waiver with Ms. Good? |
| DEFENDANT: | Yes, ma'am. |
| THE COURT: | And do you have any questions about it? |
| DEFENDANT: | No, ma'am. |

THE COURT:          Are you in agreement with it?

DEFENDANT:          Yes, ma'am....

(Change of Plea Hearing Transcript (Cause No. 4:07CR430 JCH, ECF 58), PP. 2, 9-10).

The Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977)). This Court thus finds that Movant entered his plea of guilty in a knowing and voluntary manner, and further that Ground 2 of Movant's § 2255 Motion does not raise an issue that was preserved in the Plea Agreement. United States v. Mendoza, 341 F.3d at 695. The Court therefore will enforce the Plea Agreement as written, and dismiss Ground 2 of Movant's § 2255 Motion. Id. at 695-96.

## II.    Standard For Ineffective Assistance Of Counsel

In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, to demonstrate prejudice Movant must show

that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

## A.    Ground 1

In Ground 1 of his § 2255 Motion Movant maintains he received ineffective assistance of counsel, in that counsel failed to inform him of his right to file a notice of appeal. (§ 2255 Motion, P. 4). On September 16, 2010, the Court held an evidentiary hearing on Movant's claims, and Movant testified in a contradictory manner with regard to this issue. For example, while Movant first claimed he was not even made aware of his appeal rights until he "made it to actual federal system," in response to the very next question he stated that he had asked his attorney to file a notice of appeal on his behalf. (Evidentiary Hearing Transcript, P. 14).[3] In contrast Movant's attorney, Ms. Good[4], stated repeatedly and emphatically that Movant did not instruct her to file a notice of appeal. (Id., PP. 47, 63).[5]

"An attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling the [movant] to § 2255 relief." Evans v. United States, 2006 WL 1300672 at *5 (E.D. Mo. May 8, 2006). "No inquiry into prejudice or likely success on appeal is necessary." Id. (citing Holloway v. United States, 960 F.2d 1348, 1356-57 (8th Cir. 1992)).

> "The appropriate remedy is to remand for re-sentencing, thus affording the [movant] an opportunity to take a timely direct appeal." Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000). For such a claim to succeed,

---

[3] Movant claims he wanted to appeal, despite his acknowledgment of his waiver of the right to do so during the change of plea proceeding.

[4] Ms. Janis Good represented Movant in his criminal matter.

[5] In response to a question as to what she would have done had Movant requested that she file a notice of appeal, Ms. Good stated, "I would have filed a notice of appeal that he asked but I would have been in a position where I would ask--I would have had to file an Anders brief because there weren't any issues that--I still don't know of any issues that we could have raised on appeal." (Evidentiary Hearing Transcript, PP. 63-64).

however, Movant must show that he instructed his counsel to file an appeal. *See* <u>Holloway</u>, 960 F.2d at 1357.

<u>Evans</u>, 2006 WL 1300672 at *5. "The critical question, then, is whether Movant specifically asked his lawyer to file a notice of appeal." <u>Id.</u>[6] A bare assertion that he made the request is not by itself sufficient to support a grant of relief, if evidence that the Court finds to be more credible indicates the contrary position. <u>Rodriguez v. United States</u>, 964 F.2d 840, 842 (8th Cir. 1992).

After considering the testimony from the evidentiary hearing and the record generally, the Court finds Movant did not inform Ms. Good of his desire to file an appeal. Specifically, the Court finds Movant's testimony during the hearing was not credible, especially in light of his admission that he had lied to this Court in the past. (<u>See</u> Evidentiary Hearing Transcript, PP. 39-40). The Court conversely finds Ms. Good's testimony, to the effect that Movant never indicated a desire to file an appeal, was credible. Ground 1 of Movant's § 2255 Motion will therefore be denied.

### B.     <u>Ground 3</u>

In Ground 3 of his § 2255 Motion Movant alleges he received ineffective assistance of counsel, in that counsel failed to file any pre-trial motions despite his requests for her to do so. (§ 2255 Motion, PP. 7, 15, 18-19). With this claim, the Court finds Movant fails to establish deficient performance. Specifically, the Court again finds Movant's testimony on the issue was conflicting, as while he first stated he wanted Ms. Good to file "every motion that could be filed," he later acknowledged waiving his right to file motions.[7] (Evidentiary Hearing Transcript, PP. 3, 5, 7-8, 12-

---

[6] "If Movant did ask for an appeal, his lawyer violated his Sixth Amendment rights by failing to complete the ministerial task of filing a notice of appeal." <u>Evans</u>, 2006 WL 1300672 at *5 (internal quotations and citation omitted).

[7] Movant further acknowledged that he had waived his right to file motions through a colloquy with then-Magistrate Judge Audrey Fleissig, during which he stated it was in his best interest not to file motions. (Evidentiary Hearing Transcript, PP. 26-27).

13, 25-26). For her part, during her testimony Ms. Good stated she discussed the various motions that could be filed with Movant, together with the potential problems she perceived with each. (Id., PP. 49-50). She asserted that knowing Mr. Reilly[8] as she did, she knew that he would have enhanced Movant's sentence to life had they filed pretrial motions. (Id., P. 50). Finally, Ms. Good testified that while she had advised Movant it was not in his best interest to file motions, she left the decision to him, and he ultimately decided to waive his right to do so. (Id., PP. 50-52). Ms. Good's testimony was credible, and the Court cannot find under these circumstances that her representation fell outside the wide range of professionally competent assistance sanctioned by Strickland. Ground 3 is denied.[9]

## C.    Ground 4

In Ground 4 of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that counsel failed to file motions to recover samples of recovered fingerprints and DNA materials for analysis. (§ 2255 Motion, P. 8). During the evidentiary hearing Ms. Good testified as follows regarding this claim:

> We did discuss fingerprints and the fact is that I remember distinctly explaining to him that unlike in state court, in federal court you can actually argue that the failure of the government to test is evidence that there might be something out there and to argue reasonable doubt.
>
> I did tell him that it was a bad idea to have fingerprint evidence. Evidence--fingerprinted because it--the items we're talking about were found in his home and the fact is that there are--with regard to guns, I explained to what other fingerprinting examiners have talked to us even that they don't usually fingerprint guns. They also talk about that they don't always fingerprint evidence after they seized it because in a search warrant a number of people come and test and contaminate the evidence but I told him the fact they didn't test could be used in argument, much stronger than if we tested

---

[8] Mr. Michael Reilly was the Assistant United States Attorney originally assigned to Movant's criminal case.

[9] In light of the Court's ruling that trial counsel's performance was not deficient, it need not consider whether Movant suffered prejudice.

> and found something we didn't like or something else horrible happened so
> we talked about it but we--I told him that strategically I did not think it was
> a good idea to fingerprint the evidence.

(Evidentiary Hearing Transcript, P. 53). Upon consideration of the foregoing, the Court finds Ms. Good's decision not to request fingerprint or DNA analysis represented reasonable trial strategy, and thus fell within the "wide range of professionally competent assistance" sanctioned by <u>Strickland</u>. <u>See</u> 466 U.S. at 690 (decisions relating to trial strategy are "virtually unchallengeable"). Movant's request for relief on this ground must therefore be denied.[10]

## D.    <u>Grounds 5, 6, 7, 8</u>

As stated above, in Ground 5 of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that counsel failed to secure Movant's house arrest records in order to dispute the police officer's testimony regarding Movant's whereabouts. (§ 2255 Motion, PP. 15-16). In Ground 6 Movant asserts he received ineffective assistance of counsel, in that counsel failed to present evidence Movant's girlfriend was an unreliable witness for the Government due to her past and present position as a drug dealer. (<u>Id.</u>, P. 16). In Ground 7 Movant asserts he received ineffective assistance of counsel, in that counsel failed to present exculpatory evidence tending to show the letters Movant wrote did not constitute threats to a witness, but rather demonstrated only Movant's "broken heart." (<u>Id.</u>). In Ground 8 Movant asserts he received ineffective assistance of counsel, in that counsel failed to challenge the confidential informant's statement. (<u>Id.</u>, P. 17).

Upon consideration, the Court holds it need not consider whether Movant's counsel's performance was deficient, as with these claims Movant fails to demonstrate the requisite prejudice; in other words, he fails to establish that absent his counsel's alleged errors, he would have insisted

---

[10] Again, in light of the Court's ruling that trial counsel's performance was not deficient, it need not consider whether Movant suffered prejudice.

on proceeding to trial. Rather, during the guilty plea proceeding, the District Court questioned

Movant extensively regarding his decision to plead guilty, as follows:

> THE COURT: Now, have you received a copy of the indictment or the charges, the superseding indictment or the charges against you?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And have you had an opportunity to review and discuss those with Ms. Good?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you have any question about the charges themselves?
>
> THE DEFENDANT: No, ma'am....
>
> THE COURT: I have received a document entitled Plea Agreement, Guidelines Recommendations, and Stipulations. This is a 22-page document, and I have the original in front of me. Do you have a copy there in front of you?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Turning to Page 21, which is the second to last page, is that your signature, Mr. Gillimas–
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: --at the bottom?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And did you sign that today?
>
> THE DEFENDANT: Yes, ma'am....
>
> THE COURT: Now, Mr. Gillimas, have you had an opportunity to review and discuss the provisions of this document with Ms. Good?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And are you in agreement with everything contained in this document?

THE DEFENDANT: Yes, ma'am.

THE COURT: Is there anything in this document with which you disagree?

THE DEFENDANT: No, ma'am.

THE COURT: Do you have any questions about any provision of this document?

THE DEFENDANT: No, ma'am.

THE COURT: Has anyone made any promises or assurances to you other than what's contained in this document in order to cause you to plead guilty today?

THE DEFENDANT: No, ma'am.

THE COURT: Has anyone tried to force or coerce you into pleading guilty?

THE DEFENDANT: No, ma'am.

THE COURT: Are you doing this of your own free will?

THE DEFENDANT: Yes, ma'am....

(Change of Plea Hearing Transcript, PP. 4-7). The Court further questioned Movant regarding his understanding of the possible penalties associated with his plea of guilty, as follows:

THE COURT: Now, do you understand that the maximum possible penalty for the offense in Count II is imprisonment of not more than life, a fine of not more than [$8,000,000], or both imprisonment and a fine?

THE DEFENDANT: Yes, ma'am....

THE COURT: And do you understand that this count, Count II, carries a mandatory minimum term of imprisonment of 20 years?

THE DEFENDANT: Yes, ma'am.

THE COURT: And do you understand that the maximum possible penalty on Count IV is a term of imprisonment of not less than five years nor more than life, which cannot run concurrently with the sentence imposed in Counts II and IX; it must be consecutive to those?

| THE DEFENDANT: | Yes, ma'am. |
|---|---|
| THE COURT: | And do you understand that that count carries a term of supervised release not to exceed five years? |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | And do you also understand that the maximum possible penalty under law as to Count IX is imprisonment of not more than 20 years? |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | And, again, this has a term--may have a term of supervised release not to exceed three years. |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | Now, do you also understand that there is the possibility of an enhanced sentence depending upon what your criminal history is? |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | And have you discussed that with Ms. Good? |
| THE DEFENDANT: | Yes, ma'am.... |

(Id., PP. 7-9). Mr. Sauer[11] then stated the relevant facts in Movant's case, as follows:

On November 8th, 2006--I'm reading from paragraph--it's at page 12, paragraph four from the stipulation. On November 8th, 2006, a confidential informant who had previously provided reliable information to the St. Louis Metropolitan Police Department advised SLMPD officers that a man going by the alias "Peanut" was selling crack cocaine from a residence at 4636 South Compton in the city of St. Louis, at which residence Defendant then resided. The informant advised officers that he or she had directly observed Peanut selling crack cocaine to at least four different individuals within the prior 24 hours. Peanut is one of the Defendant's aliases, and the informant provided a description of Peanut that was consistent with the Defendant's appearance.

---

[11] Assistant United States Attorney D. John Sauer entered his appearance in Movant's criminal matter on March 27, 2008, replacing Mr. Reilly as counsel for the Government.

On further investigation, the officers observed repeated foot traffic at the 4636 South Compton residence that was consistent with drug trafficking. They also observed an individual meeting the description of Peanut to leave the house and to engage in what appeared to be a hand-to-hand transaction with a drug purchaser outside the premises....

Defendant possessed the 156.15 grams of crack cocaine seized from his residence with the intent to distribute it. He possessed the two firearms, the Glock .40 caliber handgun and the 12-gauge shotgun, in furtherance of this drug crime.

During the execution of the search warrant, moreover, Defendant pressured his girlfriend, Tara Bowden, to make false statements to police about ownership of the guns and drugs that actually belonged to the Defendant. The majority of the contraband, including all the crack cocaine and the Glock .40 handgun, was seized from the bedroom in the residence at 4636 South Compton shared by the Defendant and Tara Bowden. Only the Defendant and Ms. Bowden had access to this bedroom. Ms. Bowden was, therefore, a potential source of testimony as to the Defendant's possession of these guns and drugs, and the Defendant was aware that Ms. Bowden would be a potential witness in any proceedings against him.

On or about July 24th, 2007, with the intent of influencing or preventing her testimony, the Defendant mailed a letter to Tara Bowden threatening to kill her. The letter stated that, quote, "It's still middle fingers and trigger fingers when I touch down in them streets because you are really playing me like a"--expletives deleted. The Defendant intended Ms. Bowden to understand and she did understand the reference to middle fingers and trigger fingers as a threat to kill her by shooting her.

Again, on or about December 8th, 2007, Defendant mailed another letter to Ms. Bowden, threatening to kill her. This letter stated, quote, "I promise to send you on a trip to see your little cousin Chick Chick, Mac, and Fresh from the bottom of my heart." Little cousin Chick Chick, Mac, and Fresh all refer to three joint acquaintances of the Defendant and Ms. Bowden, all of whom had been killed by gunshot wounds to the head. The Defendant's threat to send Ms. Bowden on a trip to see these deceased shooting victims was intended as and was understood as a threat to kill Ms. Bowden by shooting her.

The purpose of these threatening letters was to influence, delay, or prevent Ms. Bowden's testimony against Defendant in criminal proceedings arising from the November 21st, 2006, search of his residence. The statements in these two letters were particularly threatening to Ms. Bowden because, on multiple prior occasions, the Defendant had physically threatened her with a handgun and subjected her to physical abuse.

(Id., PP. 12-16).  Movant testified under oath that he agreed with everything Mr. Sauer had stated, and that he had committed the acts as described by Mr. Sauer and in the stipulation.  (Id., P. 16).[12] When asked how he intended to plead to Counts II, IV and IX of the superseding indictment, Movant stated guilty.  (Id., PP. 16-17).  Finally, the Court questioned Movant with respect to his satisfaction with counsel, as follows:

> THE COURT:          Now, are you satisfied with the representation you have received from Ms. Good in this case?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT:          Do you have any complaints whatsoever about her representation of you?
>
> THE DEFENDANT: No, ma'am.

(Id., P. 5).  Based on Movant's representations during his change of plea proceeding, the Court held as follows:

> THE COURT:          It is the finding of the Court in the case of the United States vs. Gillimas that the Defendant is fully competent and capable of entering an informed plea, that the Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses in Counts II, IV and IX. The plea to those counts is, therefore, accepted, and the Defendant is now adjudged guilty of those offenses....

(Id., P. 17)

As noted above, the Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'"  Smith v. Lockhart, 921 F.2d at 157 (citation omitted).  This Court finds that Movant's own testimony demonstrates he committed the offenses at issue, voluntarily pled

---

[12] In so doing, the Court finds Movant specifically admitted to facts tending to contradict the claims made in Grounds 5, 6, 7 and 8 of the instant motion.

guilty, and received effective assistance of counsel.  Id.  Neither the conclusory allegations contained in Movant's § 2255 Motion nor his testimony during the evidentiary hearing leads the Court to conclude otherwise.  Grounds 5, 6, 7 and 8 of Movant's § 2255 Motion will therefore be denied.

**E.    Ground 9**

In Ground 9 of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that counsel failed to advise Movant regarding the efficacy of entering a nolo contendere or Alford plea.  (§ 2255 Motion, P. 17).  During the evidentiary hearing, Movant elaborated upon this claim during his direct testimony as follows:

MR. STOBBS[13]:    And you also indicated during the plea agreement that you were not made aware of a nolo contendere or Alford plea–

MOVANT:    I don't really know what that is.

MR. STOBBS:    That's because Ms. Good never told you?

MOVANT:    Right.

MR. STOBBS:    That's something that you alleged in your complaint, you indicated that she never advised you of a nolo contendere or Alford plea and I'm just making sure that we covered that.

MOVANT:    Yes, that--that must have been something that I wanted to find out was some type of motion that I need but I never was told by her because I really--not aware of what it is now.

(Evidentiary Hearing Transcript, PP. 16-17).  During cross-examination, Movant testified as follows:

MR. SAUER:    Okay.  And now you say Ms. Good never told you about a nolo contendere plea or Alford plea; is that right?

MOVANT:    Right now I'm not aware like exactly what that plea is.

MR. SAUER:    Okay.  But do you have any specific argument that you would have done that instead of the plea that you did do?

---

[13] The Court appointed Mr. John D. Stobbs, II, to represent Movant in this matter.  (ECF No. 10).

| MOVANT: | I just got confused. |
|---|---|
| MR. SAUER: | Okay. Let me ask a different question. Did Ms. Good ever tell you Mr. Reilly would accept a nolo contendere plea or Alford plea? Did you ever talk about that possibility at all? |
| MOVANT: | I don't know exactly what that plea is. |

(Id., PP. 32-33).

Upon consideration of the foregoing, the Court finds that with this claim Movant fails to demonstrate the requisite prejudice. In other words, the Court notes Movant does not claim that absent counsel's allegedly unprofessional error he would have insisted on proceeding to trial; in fact, he does not even assert he would have elected to enter a nolo contendere or Alford plea. Instead, Movant admitted during the evidentiary hearing that he did not know the nature of such pleas. Furthermore, Movant offers absolutely no evidence either that Mr. Reilly would have accepted a different type of plea, or that his sentence would have been different had he been advised as to their existence. Ground 9 of Movant's § 2255 Motion must therefore be denied.

### F.     Ground 10

In Ground 10 of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that counsel used threats and scare tactics in order to coerce Movant into pleading guilty. (§ 2255 Motion, PP. 17-18). With this claim, the Court finds Movant fails to satisfy either prong of the Strickland analysis. With respect to deficient performance, the Court notes that during the evidentiary hearing Movant confirmed Ms. Good never made any physical threats. (Evidentiary Hearing Transcript, P. 27). Rather, he claimed the coercion came through her repeated assertions that should Movant proceed to trial, he would receive "life plus thirty." (Id.). Movant further testified he felt pressured by Ms. Good's contention that only approximately one in one thousand federal defendants got his or her conviction overturned on appeal. (Id., PP. 4, 17, 29). For her part,

Ms. Good did not deny giving the advice as recounted by Movant. Rather, she maintained she explained the following to Movant:

> Well, the benefit of the [plea] bargain was is that he would have a 25 year sentence rather than risk the entire life plus 30 so he would get out in his lifetime. That was definitely--considering how old Mr. Gillimas was, that was certainly a benefit because I think I explained to him that he probably would be younger than I was at the time that I am when he would get out of prison.

(Id., P. 49). Ms. Good emphatically maintained she left the decision whether or not to plead guilty to Movant. (Id.). In light of this credible testimony, the Court does not find Ms. Good's counsel fell outside the wide range of professional assistance sanctioned by Strickland.

With respect to prejudice, as noted above Movant testified as follows during the change of plea proceeding:

THE COURT:      Has anyone made any promises or assurances to you other than what's contained in this document in order to cause you to plead guilty today?

THE DEFENDANT: No, ma'am.

THE COURT:      Has anyone tried to force or coerce you into pleading guilty?

THE DEFENDANT: No, ma'am.

THE COURT:      Are you doing this of your own free will?

THE DEFENDANT: Yes, ma'am....

(Change of Plea Hearing Transcript, PP. 6-7). Movant offers insufficient evidence to rebut this sworn testimony, and so the Court finds Movant fails to establish that absent his counsel's alleged error, he would have insisted on proceeding to trial. Ground 10 is denied.

## G.    **Ground 11**

In Ground 11 of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that counsel failed to investigate in whose name the house was titled. (§ 2255 Motion,

P. 18).  Movant did not elaborate on this point during the evidentiary hearing, and upon review of the record the Court finds no evidence that any such investigation would have affected Movant's decision to plead guilty.  Ground 11 is denied.

**H.**    **Ground 12**

In Ground 12 of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that counsel failed to challenge the veracity of the search warrant.  (§ 2255 Motion, P. 19).  During the evidentiary hearing, Ms. Good testified that in federal court it is very difficult to get a Franks[14] hearing to challenge a search warrant.  (Evidentiary Hearing Transcript, P. 50).  She stated she discussed this difficulty with Movant, in conjunction with her advice regarding the undesirability of filing pretrial motions.  (Id., PP. 49-50, 52).  Under these circumstances, the Court does not find that her representation fell outside the wide range of professionally competent assistance sanctioned by Strickland.  Ground 12 is denied.[15]

**I.**    **Ground 13**

In Ground 13 of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that counsel failed to investigate the disciplinary records of the arresting officer.  (§ 2255 Motion, P. 19).  Movant elaborated upon this claim during the evidentiary hearing as follows:

> Well, the reason I wanted [the disciplinary records] was because the same officers that gave me this case, they gave me a case in 2003 and I was guilty of that case but he wanted me to be a snitch or a narc for him and I didn't and he always told me that he was going to make me pay for this one day and it was--it was a coincidence or whatever it was that I have out of all the officers in the City of St. Louis this is the same officer who built this case on me and it was all lies.

---

[14] Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

[15] As further support for its ruling, the Court notes Movant fails to establish prejudice with this claim, as during the change of plea proceeding he testified under oath as to the validity of the search warrant.  (Change of Plea Hearing Transcript, PP. 13-15).

(Evidentiary Hearing Transcript, P. 18). On cross-examination, however, Movant acknowledged he had no idea whether the records at issue would have been available, had Ms. Good requested them. (Id., P. 33). Movant further acknowledged this motion to compel was one of the pretrial motions Ms. Good advised him to waive, in an effort to reduce his chances for an enhanced sentence. (Id., P. 34). Finally, as noted above, during his change of plea proceeding Movant testified under oath that he had committed the acts he pled guilty to, and that he had no complaints whatsoever regarding Ms. Good's representation. (Change of Plea Proceeding Transcript, PP. 5, 12-16). The Court thus finds Movant fails to demonstrate Ms. Good's advice and/or performance was deficient in this regard, and further fails to show he would have proceeded to trial absent her alleged error. Ground 13 is denied.

### J.    Ground 14

In Ground 14 of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that counsel failed to secure all the physical evidence from the crime scene. (§ 2255 Motion, P. 20). With this claim, the Court finds Movant fails to demonstrate the requisite prejudice. In other words, other than the conclusory statements in his motion, Movant offers no evidence as to the nature of the physical evidence his attorney should have attempted to procure, or how such procurement would have aided in Movant's defense.[16]  Absent these details, the Court cannot find a reasonable probability that, but for counsel's allegedly unprofessional error, the result of Movant's proceeding would have been different. See Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994) (internal quotations and citation omitted) (finding petitioner's "brief and conclusory allegations" regarding counsel's failure to investigate and develop useful evidence insufficient, as "without a specific, affirmative showing of what the missing evidence or testimony would have been, a habeas

---

[16] Movant does mention Ms. Good's failure to obtain a fingerprint analysis, a claim addressed and rejected in Section II(C), supra.

court cannot even begin to apply *Strickland's* standards because it is very difficult to assess whether counsel's performance was deficient, and nearly impossible to determine whether the petitioner was prejudiced by any deficiencies in counsel's performance."). Ground 14 is denied.

### K.   Ground 15

In Ground 15 of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that counsel failed to research the law before recommending that Movant enter a plea of guilty.  (§ 2255 Motion, P. 20).  Specifically, Movant claims his attorney "coerced [him] to plead guilty to count 4 when firearm was not on search warrant, in plain view, or even used in drug trafficking crime."  (Id.).  As noted above, however, Movant admitted to the validity of the search warrant process during his change of plea proceeding.  (Change of Plea Hearing Transcript, PP. 13-15).  Movant further admitted that he had possessed two firearms, a Glock .40 caliber handgun and a 12-gauge shotgun, in furtherance of his drug crime.  (Id., PP. 14-15).  Under these circumstances, the Court finds Movant fails to demonstrate the requisite prejudice, as he offers absolutely no evidence that the conducting of any additional research would have impacted his decision to plead guilty.  Ground 15 must therefore be denied.

### L.   Ground 16

In Ground 16 of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that counsel misguided Movant with respect to the drug quantity to which he pled guilty. (§ 2255 Motion, PP. 20-21).  Movant elaborated upon this claim during the evidentiary hearing as follows:

> I had seen in particular part of my paperwork that I had that it was some crack that I was supposed to have been pleading to but then I seen it was also somewhere where it was some marijuana in the house that somebody pleaded to which is in the paper work that he pleaded to and got probation for it, but in the end it was still added on to my drugs so I was like how are they

charging two people with the same amounts of weed but charging me with all the crack and heroin that was in the house.

(Evidentiary Hearing Transcript, P. 19). When questioned regarding the drug attribution, however, Ms. Good testified as follows:

> I will just explain to you that he was charged--well 1B.13 [of the U.S.S.G.] allows all kinds of drugs in the house to be attributable to someone. The drug quantity didn't actually determine the guidelines in this case because there was an enhancement, so the mandatory minimum went to 20 years, so how many--how much drugs were found in the house other than over 50 grams wasn't really relevant. The marijuana wasn't counted against him, his guidelines were not higher. In fact, they were at the 240 plus 60 by statute as opposed to the guidelines.

(Id., P. 54). Movant offers no rebuttal to Ms. Good's assertion that he was sentenced to a statutorily mandated minimum sentence, and so Ground 16 must be denied for failure to demonstrate prejudice.

## M.    Ground 17

In Ground 17 of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that counsel incorrectly informed Movant the sentence for his gun charge could only be run consecutive to any other sentence, rather than concurrent. (§ 2255 Motion, P. 21). With this claim, Movant fails to demonstrate his counsel's performance was deficient. In other words, the Court notes that pursuant to 18 U.S.C. § 924(c)(1)(D)(ii), Movant's sentence for his conviction for possession of a firearm was required to run consecutive to his other sentences. Ms. Good's advice thus was accurate, and cannot form the basis for a claim of ineffective assistance of counsel. Ground 17 is denied.

## N.    Ground 18

In Ground 18 of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that counsel lied with respect to the amount of time with which he would be credited. (§ 2255 Motion, P. 22). Movant did not elaborate upon this point during the evidentiary hearing, and

upon review of the record the Court finds no evidence that such alleged misrepresentation affected Movant's decision to plead guilty in any way.[17]  Under these circumstances, Ground 18 must be denied.

### O.  <u>Ground 19</u>

In his final claim for relief Movant asserts he received ineffective assistance of counsel, in that counsel failed to make an argument pursuant to <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).  (§ 2255 Motion, P. 22).  While Movant testified during his evidentiary hearing that he requested that Ms. Good conduct research on the <u>Blakely</u> issue (<u>see</u> Evidentiary Hearing Transcript, P. 20), at no time did he claim that the results of such research would have influenced his decision to plead guilty. Ground 19 of Movant's § 2255 Motion must therefore be denied.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DENIED,** and Movant's claims are **DISMISSED** with prejudice.  An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.  <u>See</u> <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), <u>cert. denied</u>, 525 U.S. 834 (1998).


Dated this  __18th__  day of August, 2011.

---

[17] In other words, Movant offers absolutely no evidence tending to demonstrate that had he received accurate information with respect to time credited, he would have insisted upon proceeding to trial.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

- 25 -